UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-MJ-02759-EGT

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER LOPEZ,

Defendant.

_______________________________/

**DETENTION ORDER**

On June 10, 2016, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether the defendant, Christopher Lopez, should be detained prior to trial.

Having considered the evidence presented at the pre-trial detention hearing, the pre-trial services report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released before trial. The Court thus orders that the defendant be detained until the conclusion of trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the defendant's detention:

1. On June 1, 2016, the defendant was charged by Complaint with sex trafficking of minors, in violation of Title 18, United States Code, Section 1591.

2. The government proffered evidence that two minor female prostitutes (hereinafter, "Minor Victim 1 and Minor Victim 2), were recovered by the Miami-Dade Police Department on May 25, 2016. Both Victims agreed to speak with law enforcement. Minor Victim 1, who is 16 years old, said she met the defendant through Minor Victim 2, at which point the defendant began posting advertisements on Backpage.com for prostitution dates with Minor Victim 1. The defendant drove Minor Victim 1 to the location of the prostitution dates, and the defendant took half of the proceeds from Minor Victim 1's prostitution dates. Later, Minor Victim 1 moved into a house with the defendant and other women, where Minor Victim 1 would also conduct prostitution dates arranged through advertisements that the defendant posted on Backpage.com. At that point, the defendant kept all of the proceeds from Minor Victim 1's prostitution dates. The defendant also arranged for Minor Victim 1 to work at a strip club in North Miami Beach and provided Minor Victim 1 with another person's identification so that Minor Victim 1 could falsely claim she was over 18 years' old and thus work in the strip club. Minor Victim 1 left the defendant a week or so before her recovery by law enforcement.

3. Minor Victim 2, who is 16 years old, told law enforcement that the defendant posted advertisements on Backpage.com for prostitution dates, and she had prostitution dates at the defendant's residence. Minor Victim 2 gave the defendant approximately $100 for each date. This arrangement lasted for a week or two.

4. The defendant was arrested shortly after midnight on June 1, 2016; at that time law enforcement found an identification card in the name of Minor Victim 1 in the trunk of his car. The defendant agreed to waive his *Miranda* rights and make a statement, which was video and audio recorded. The defendant denied knowing that the two Victims were under the age of 18, although he did admit to posting prostitution advertisements for them on Backpage.com, using his cellphone (which ends in 9333) as a contact number. The defendant further admitted to driving both Victims to prostitution dates, receiving money from them for those dates; he further acknowledged that Minor Victim 1 lived at his house for a period of time. The defendant said that he arranged for Minor Victim 1 to work at the strip club and provided her with another person's identification so she could do so, stating that Minor Victim 1 did not have a driver's license.

6. Both Victims identified the defendant's home where they lived with him. This is the residence the defendant identified to Pre Trial Services as the Miami residence of his father, where the defendant has lived for many years, along with his father, defendant's girlfriend (who, according to the Pre Trial Services Report, is 18 years old and works at a strip club) and multiple siblings.

6. The Court notes that the defendant has strong ties to the community, as he was born here and has lived here his entire life; his family lives here as well. The defendant has lived at the same residence with his father and other family members since 2008. The Court can not release the defendant to live at that residence, given the evidence

that the defendant openly victimized vulnerable girls in that home. The defendant does not have significant assets with which to post a bond. Notably, according to the Pre Trial Services Report, the defendant has been unemployed since January of this year, he lives at his father's residence without financially contributing to that household, yet he is leasing a 2014 Lexus. His previous employment was at an auto waxing business, and before that at Winn Dixie. The defendant admits to using marijuana and has had several arrests for marijuana possession.

Based on the above findings of fact, which are supported by clear and convincing evidence, and for the reasons stated at the detention hearing which the Court incorporates into this Order, this Court concludes that no condition or combination of conditions would reasonably assure the safety of the community if the defendant were released on bond.

The Court hereby directs that:

a. The defendant be detained without bond;

b. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c. The defendant be afforded reasonable opportunity for private consultation with counsel; and

d. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of appearance in

connection with court proceedings.

DONE AND ORDERED in chambers at Miami, Florida this 13th day of June, 2016.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc. Pretrial Services
United States Marshals Service
Andre D. Pierre, Esq.
Brian Dobbins, AUSA